IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CRYSTAL M. GUTIERREZ,<br><br>     Plaintiff,<br><br> v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>     Defendant. | **MEMORANDUM DECISION<br>AND ORDER**<br><br>Court No. 2:14-cv-00842-PMW<br><br><br>Magistrate Judge Paul M. Warner |

Plaintiff Crystal M. Gutierrez ("Plaintiff"), pursuant to 42 U.S.C. § 405(g), sought judicial review of the decision of the Acting Commissioner of Social Security (the "Commissioner") denying Plaintiff's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (Act), 42 U.S.C. § 1381-83c. After a careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on June 9, 2016, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and is free from harmful legal error. The decision is, therefore, **AFFIRMED**.

## ISSUES PRESENTED

Plaintiff argues that the administrative law judge (ALJ) erred when assessing her residual functional capacity ("RFC") because the ALJ did not seek an opinion about Plaintiff's alleged functional limitations; did not perform a credibility analysis; and did not include all of her

1

limitations in the RFC assessment (Pl. Br. 11-15). Last, she argues the ALJ erred in finding that she could perform her past relevant work (Pl. Br. 15-17).

## STANDARD OF REVIEW

This court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation and citation omitted). Where the evidence as a whole can support either the agency's decision or an award of benefits, the agency's decision must be affirmed. *Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990). Upon review, this court "should, indeed must, exercise common sense" and not "insist on technical perfection." *See Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012).

## BACKGROUND

In this case, Plaintiff claimed disability at the age of 32, based on diabetes, depression, endometriosis, and tarsal tunnel syndrome (Certified Administrative Transcript (Tr.) 12, 156-64, 179). She had an eleventh grade education and worked in the past in production work and as a temporary employee in a warehouse (Tr. 180, 194). The ALJ followed the five–step sequential evaluation process for evaluating disability claims (Tr. 12–20). *See generally* 20 C.F.R. § 416.920(a)(4). However, the ALJ found that Plaintiff's claims of completely disabling limitations were not entirely credible and that she retained an RFC to perform a range of light work (sit, stand, or walk each for six hours in an eight-hour workday; lift and carry 20 pounds

occasionally and 10 pounds frequently); frequently reach from waist level; occasionally reach overhead; and frequently stoop, kneel, crawl, crouch, and climb ramps and stairs (Tr. 14). Considering this RFC, the ALJ determined – consistent with vocational expert testimony – that Plaintiff was capable of performing her past work as a production line worker as it is generally performed (Tr. 19). The court finds that the ALJ's factual findings are supported by substantial evidence in the record and that the correct legal standards were applied.

**A.      The ALJ did not err in failing to develop a further record from treating sources.**

The agency's duty to develop the record does not arise merely because Plaintiff is dissatisfied with the evidence of record. Instead, the duty arises when the record evidence is insufficient to reach a conclusion that a claimant's impairments meet the strict standard of disability under the Act. *See* 20 C.F.R. § 416.920b(c) (providing that, when the evidence received from a treating physician or psychologist or other medical source is insufficient for a determination of disability, or after weighing the evidence the agency cannot reach a conclusion about disability, the agency will try to resolve the problem and may do so by re-contacting the treating physician, psychologist, or other source for clarification). And the duty to develop a record does not *per se* require the ALJ to obtain a treating physician opinion.

The ALJ had a sufficiently developed record, including Plaintiff's medical records from treating sources and Plaintiff's own testimony, and the evidence in the record supported the ALJ's conclusions. The medical records show that Plaintiff had normal gait and station, generally normal range of motion, and unremarkable objective tests such as x-rays and nerve conduction studies (Tr. 310, 443 (duplicated at 490), 446 (duplicated at 488), 493, 496, 499, 502,

522, 530-31, 536, 539). *See Rutledge v. Apfel*, 230 F.3d 1172, 1175 (10th Cir. 2000) (rejecting a claimant's argument that the ALJ should have further developed the record regarding his pulmonary functioning where the ALJ's conclusions were consistent with the objective medical evidence); *see also Howard v. Barnhart,* 379 F.3d 945, 949 (10th Cir. 2004) (rejecting the claimant's argument that the ALJ failed to develop the record regarding her knee impairment and obesity where nothing in her arguments on appeal or the medical record suggested that these impairments required further investigation before an ALJ could determine what functional limitations, if any, resulted from these conditions). Likewise, Plaintiff's reported activities corroborated the ALJ's conclusion that she was not disabled under the Act. For instance, Plaintiff reported that she exercised regularly (*see*, *e.g.*, Tr. 442 (duplicated at 489), 444, 453, 492, 521, 525). She also reported that she walked her dog for exercise and was active with her children (Tr. 538; *see also* Tr. 453). Here, the ALJ was able to reach a conclusion regarding Plaintiff's impairment-related limitations without further investigation. *See Cowan v. Astrue*, 552 F.3d 1182, 1187 (10th Cir. 2008) (ALJ did not need to further develop the record where sufficient evidence existed to make a disability determination). The record was sufficiently developed.

**B.     The ALJ did not err in assessing Plaintiff's subjective symptoms.**

An ALJ's decision "must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." Social Security Ruling (SSR) 96-7p,

4

1996 WL 374186, at *2; *see also Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995). The ALJ is not, however, required to engage in a formalistic factor-by-factor recitation of the evidence, as long as the ALJ sets forth specific evidence he relies on in evaluating claimant's symptoms. *See Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000). The ALJ summarized Plaintiff's subjective complaints, discussed the record evidence, and concluded that Plaintiff's statements were partially believable (Tr. 15-17). The ALJ's decision contains specific reasons, supported by substantial evidence, for assessing the veracity of Plaintiff's subjective symptoms and the credibility finding.

The ALJ reasonably found that the objective medical evidence did not support Plaintiff's allegations of pain. *See* 20 C.F.R. § 416.929(c)(2) (stating an ALJ must consider whether there are conflicts between a claimant's statements and the signs and laboratory findings); *Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir. 1988) (in assessing credibility, an ALJ may consider "the consistency or compatibility of nonmedical testimony with objective medical evidence"). For instance, x-rays and nerve conduction studies were normal (Tr. 310, 502 (nerve conduction studies ("NCS") unremarkable), 522 (knee x-ray and NCS unremarkable), 530-31).

The ALJ also reasonably stated that treatment, other than medication, relieved Plaintiff's symptoms (Tr. 48). *See* 20 C.F.R. § 416.929(c)(3)(v). Plaintiff received only conservative treatment for her impairments and, in many cases, her impairments were controlled with medication, diet, and exercise (*see*, *e.g.*, Tr. 381, 401, 444, 447 (duplicated at 484), 460, 493, 496, 499, 503, 511, 514, 522, 526, 542). *See Bainbridge v. Colvin*, 618 F. App'x 384, 387 (10th

5

Cir. July 7, 2015) (unpublished) (affirming the ALJ's credibility finding, which was based in part on the fact that Plaintiff's treatment—medications and therapy—was conservative).

The ALJ also considered the inconsistencies between Plaintiff's complaints and her admitted daily activities (Tr. 21). *See* 20 C.F.R. § 416.929(c)(3)(i) (stating an ALJ must consider a claimant's activities); *Potter v. Sec'y of Health & Human Servs.*, 905 F.2d 1346, 1349 (10th Cir. 1990) (noting the claimant's assertions regarding her limitations were contradicted by evidence of her activities). The ALJ reasonably considered Plaintiff's self-reported ability to do light housework and laundry, prepare easy meals, drive, shop, manage finances, exercise daily, walk her dog, attend church weekly, and be active with her children (Tr. 26; *see also* Tr. 187-89, 211-13, 445, 453, 538). While the "sporadic performance" of activities like performing a few household tasks "does not establish that a person is capable of engaging in substantial gainful activity," *Frey v. Bowen*, 816 F.2d 508, 516-17 (10th Cir. 1987), the Tenth Circuit has consistently held that an ALJ may reasonably consider such activities when they undercut a claimant's reported limitations. *See, e.g.*, *Welch v. Colvin*, 566 F. App'x 691, 694 (10th Cir. 2014) (unpublished) (claimant able to do light yard work, light chores, light cooking, grocery shop, drive, and visit her family); *Wilson v. Astrue*, 602 F.3d 1136, 1146 (10th Cir. 2010) (claimant could care for herself, her home, and her children, and also drive, shop, handle finances, garden, visit friends, and go out to eat).

Other factors, including examination notes, further support the ALJ's credibility finding. *See* 20 C.F.R. § 416.929(c)(3)(vii). The ALJ explained that Plaintiff's claims were out of proportion with the medical findings (Tr. 16). On examinations, physician assistant Powell,

under the direction of Dr. Grange, found that although Plaintiff had tenderness, she generally had normal gait and station and normal neurological examinations (Tr. 443 (negative straight leg raise test; slightly antalgic gait) (duplicated at 490), 446 (duplicated at 488), 493, 496, 499, 502, 522, 536, 539). The record also reveals that Plaintiff stopped working for reasons other than her alleged impairments (Tr. 32 (stay home with child), 179 (stay home with child), 452 (job was seasonal)). *Potter*, 905 F.2d at 1349 (indicating that a claimant's admission that she did not leave employment as a result of a health-related impairment was relevant to a determination of disability).

Here, the ALJ articulated sufficient reasoning, including citing to inconsistencies between Plaintiff's testimony and other evidence in the record, and relied upon proper factors in determining that, overall, Plaintiff's testimony was only partially believable.

**C.    The ALJ sufficiently discussed the facts and reasoning in determining Plaintiff's RFC, and the ALJ did not err in his determination.**

RFC is what an individual can still do despite her limitations. 20 C.F.R. § 416.945; SSR 96-8p, 1996 WL 374184 at*2. Here, the ALJ found that Plaintiff could lift and carry 20 pounds occasionally, 10 pounds frequently; sit, stand, or walk each for a total of six hours in an eight-hour workday; frequently reach from waist level and occasionally reach overhead; and frequently perform postural activities and climb ramps or stairs (Tr. 14). Given that no medical professional who treated or examined Plaintiff or reviewed her medical records assessed even that degree of limitation, or restricted her activities at all, the ALJ's RFC finding was entirely reasonable. Plaintiff's argument to the contrary is unavailing.

Plaintiff's challenge to the form of the ALJ's decision—stating that the RFC "appears as a conclusion" (Pl. Br. 14)—exalts form over substance. The RFC assessment was based on all of the medical and other relevant evidence in the record. 20 C.F.R. § 416.945. The ALJ considered and discussed not only the unremarkable objective evidence and her medical examinations and treatment—all which were relatively normal—but also the medical expert's testimony that Plaintiff could perform light exertional work (Tr. 15; *see also* Tr. 44). The ALJ's RFC assessment is supported by the relatively benign examinations at Exodus Healthcare and Spine Orthopedic & Pain Center, Plaintiff's conservative treatment, as well as her reported activities. The ALJ did not err in his RFC determination.

D. **There was no unresolved conflict between the VE's testimony and the Dictionary of Occupational Titles description.**

At the administrative hearing, the vocational expert testified that a hypothetical individual of Plaintiff's vocational profile, with an RFC similar to the one assessed by the ALJ (*compare* Tr. 14 (limiting Plaintiff to reach frequently reach waist level and reach occasionally overhead) *with* Tr. 59 (limiting the hypothetical to reach frequently at shoulder height or lower and reach occasionally overhead))[1] could perform Plaintiff's past unskilled light work as a production line

---

[1] Plaintiff does not assert error due to the discrepancy between the hypothetical question posed to the vocational expert and the RFC assessment. *Anderson v. Dep't of Labor*, 422 F.3d 1155, 1174, 1182 n.51 (10th Cir. 2005) (because Plaintiff did not raise an issue in his opening brief, it is waived). In any event, Plaintiff's past work as a production worker and the job of cashier do not appear to require frequent lifting above waist level, and Plaintiff testified that she did not have difficulty reaching for things (Tr. 49). Thus, any error is harmless. *See Gay v. Sullivan*, 1341 n.1 (10th Cir. 1993) (ALJ's failure to include work stress limitation in hypothetical to vocational expert harmless where the expert had just heard the claimant specifically relate his depression to difficulty in completing work under the pressure of multiple assignments).

worker and, in the alternative, as a cashier (Tr. 61-62). The ALJ was entitled to rely upon this testimony to find Plaintiff not disabled.

Plaintiff argues that because the *Dictionary of Occupational Titles* ("DOT") indicates that a production line worker has to reach frequently she is limited to only occasional overhead reaching, a conflict exists and the ALJ erred by finding that Plaintiff could perform her past work (Pl. Br. 15-16). The Tenth Circuit rejected this argument in *Segovia v. Astrue*, 226 F. App'x 801 (10th Cir. 2007) (unpublished). In *Segovia*, the court acknowledged that the *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* ("*SCO*") defines "reaching" as "[e]xtending hand(s) and arm(s) *in any direction.*" *Id.* at 804 (citing SCO at C–3) (emphasis added). And the court reasoned that "[t]he *SCO* does not separately classify overhead reaching. Thus, under the *SCO*, even a job requiring frequent reaching does not necessarily require more than occasional *overhead* reaching." *Id.* (emphasis in original).

*Segovia* is instructive in this case. Here the vocational expert was aware of Plaintiff's limitations on overhead reaching, and she testified both that Plaintiff could perform her past work as a production worker and could work as a cashier and that her opinion of the jobs available was consistent with the DOT's specifications (Tr. 61-62). "In these circumstances, the VE's testimony does not conflict with the *DOT* and *SCO* so much as it clarifies how their broad categorizations apply to this specific case." *Id.* (citing *Carey v. Apfel*, 230 F.3d 131, 146 (5th Cir. 2000) ("To the extent that there is any implied or indirect conflict between the vocational expert's testimony and the *DOT* in this case, . . . the ALJ may rely upon the vocational expert's

9

testimony provided that the record reflects an adequate basis for doing so. . . . [A]ll kinds of implicit conflicts are possible and the categorical requirements listed in the DOT do not and cannot satisfactorily answer every such situation.")). Further, the *DOT* descriptions for production worker or cashier do not indicate that these jobs predominantly involve overhead reaching rather than other types of reaching. *See DOT* §§ 706.687-010 (production line worker), 211.462-010 (cashier).

The ALJ was entitled to rely upon the VE's testimony and did not err regarding the overhead reaching issue.

## CONCLUSION

The court concludes that the ALJ's decision in this matter is supported by substantial evidence in the record and that the correct legal standards were applied. As such, Plaintiff's arguments fail as a matter of law. Accordingly, **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is **AFFIRMED**. The Clerk of Court is directed to close the case.

DATED this 5th day of July, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge